**ALLSTATE INSURANCE CO., Plaintiff-Appellant, v. GLOBE AUTO PAINT SHOPS, INC., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23371. Decided June 8, 1955.

Arthur J. Stern, Cleveland, for plaintiff-appellant.

Walter I. Krewson, Cleveland, for defendant-appellee.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District sitting by designation in the Eighth District.)

### OPINION

By HUNSICKER, J.

This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland, Ohio.

The plaintiff-appellant, Allstate Insurance Company, in its petition filed in the trial court, said it had insured one Clarence Brewster against

loss by theft of a Ford Automobile which Brewster owned. It further stated that Brewster delivered his automobile to the defendant-appellee herein, Globe Auto Paint Shops, Inc., for the purpose of having them do some paint work on his automobile, but that when he called for his automobile, the Globe Auto Paint Shops, Inc., could not deliver it to him because the automobile had been stolen from their parking lot. Allstate Insurance Company says it paid Brewster a net sum of $425 pursuant to its policy of insurance and it has been subrogated, by written instrument, to the rights of Brewster against Globe Auto Paint Shops, Inc. to the extent of this payment.

Leonard S. Hirsh, vice-president and treasurer of the paint company, mailed a letter to the clerk of the Municipal Court of Cleveland, which was filed in the case and which the trial court refused to strike from the files. This letter, considered as an answer, was marked plaintiff's exhibit 1 and a copy was attached to the narrative bill of exceptions filed in this appeal.

At the hearing of the cause in the trial court, Brewster testified that he took his automobile to the Globe Auto Paint Shops, Inc. to have it painted, and that he paid for the work done, although he told Mr. Hirsh when he returned to get the automobile that it was not painted the proper color. Mr. Hirsh then told Brewster to return it later, and he would paint the automobile the color which Brewster desired.

Brewster testified he took the automobile to the Globe Auto Paint Shops, Inc., on May 12, 1953, and was told by Mr. Hirsh to park the car, with the keys in the ignition, in a lot at the end of the building. He did as directed, and when he went to get his car later, he was told the car was stolen.

Mr. Hirsh testified that: the paint company rents parking space at the south end of his building, which lot is next to a used car lot; he denied any knowledge of the Brewster automobile being delivered to him, but did say that he had told Brewster to return the automobile for refinishing; automobiles, on which he is working, are parked in his parking lot with the ignition keys in such cars, because of lack of space in the paint shop. Mr. Hirsh also said that he had no record of this car being delivered to him at the time Brewster said he delivered it to the paint shop.

It is from a judgment thereafter entered for the Globe Auto Paint Shops, Inc., that Allstate Insurance Company appeals to this court, saying the trial court erred.

"1. In rendering judgment contrary to law.

"2. In rendering judgment not supported by the evidence.

"3. In rendering a judgment against the weight of the evidence."

The ownership of the automobile by Brewster was admitted by Globe Auto Paint Shops, Inc., by way of the letter of Mr. Hirsh, filed as an answer and later as an exhibit in this case. We believe that such admission by the appellee conforms to the present requirement of §4505.04 R. C.

We do not have in this case a conflict in the evidence respecting the delivery of the automobile to the Globe Auto Paint Shops, Inc., by Brewster, for Mr. Hirsh stated he had no knowledge on the subject. Mr. Brewster's testimony thereon is clear and not controverted.

The relationship of Brewster and the Globe Auto Paint Shops, Inc., was that of bailor and bailee. A bailment for hire was established by the original dealings of the parties and continued when the automobile was redelivered for the purpose of completing the painting work.

The law in Ohio, with respect to the duties of bailor and bailee in the circumstances herein presented, is found in **Agricultural Ins. Co. v. Constantine, 144 Oh St 275**, wherein the court said:

"2. Where a bailor delivers property to a bailee and such bailee fails to redeliver the bailed property upon legal demand therefor, a cause of action, either ex contractu or ex delicto, accrues in favor of the bailor."

"4. In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a prima facie case of want of due care is thereby established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver.

"5. Where the bailee proves loss of the property by theft, but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from his failure to redeliver.

"6. In an action by a bailor for damage by reason of the bailee's failure to redeliver the bailed property, the burden of proof is upon the bailor to prove that the bailee was guilty of negligence or want of due care. In determining that question, the presumption of negligence or want of due care arising from bailee's failure to redeliver, his explanation of the circumstances surrounding such failure and any evidence offered to rebut such explanation, all should be considered and weighed by the trier of the facts. To entitle the bailor to prevail the preponderance of all the evidence must support the conclusion that the bailee was guilty of negligence or want of due care."

The evidence herein disclosed that Brewster delivered his automobile to Globe Auto Paint Shops, Inc., placed it where they instructed him to park it with the keys in the ignition; and when he returned to get his automobile, the Globe Auto Paint Shops, Inc., could not make a delivery to him because, as it developed, the automobile had been stolen while in the possession of the paint shop. No explanation was given by the Globe Auto Paint Shops, Inc., as to the care they exercised over such automobile while it was in their possession. No evidence was presented by them relative to such automobile after Brewster delivered it to them for the refinishing of the paint work.

The trial court apparently concluded, contrary to the case of Agricultural Ins. Co. v. Constantine, supra, that no further evidence on the subject was necessary. In such conclusion the trial court committed error prejudicial to the substantial rights of the appellant.

The judgment herein is reversed as being against the manifest weight of the evidence and contrary to law. The cause is remanded to the trial court for further proceedings.

Judgment reversed and cause remanded. Exc. O. S. J.

STEVENS, PJ, DOYLE, J, concur.